IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 10-00094-01-CR-W-FJG |
| ) | |
| FELIPE CAMARENA, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Pending before the Court are defendant Camarena's Motions in Limine (Doc. Nos. 37 and 38). Both will be considered, below.

**I. Defendant's Motion in Limine re Co-Defendant's Statement regarding other methamphetamine transactions (Doc. No. 37)**

Defendant moves for an order prohibiting the government from mentioning or introducing through testimony or evidence information that the co-defendant, Gilberto Baldenegro-Valdez accompanied defendant on five or six methamphetamine transactions. Defendant indicates he was charged by indictment on April 6, 2010, with one count of conspiring to distribute 50 grams or more of methamphetamine, and the alleged conduct occurred between March 19, 2010 and March 21, 2010, involving two transactions. Defendant indicates he was advised that Baldenegro-Valdez gave a statement to police that he accompanied defendant Camarena on five or six methamphetamine transactions, where each time a golf-ball sized amount of methamphetamine was sold. Defendant indicates such testimony would be irrelevant and immaterial to defendant's case as he is not charged with those other offenses (FRE 401 and 402). Defendant further indicates that the probative value of such evidence is substantially outweighed by the danger of unfair prejudice in that defendant is not charged with these other offenses.

The government responds that defendant is charged with conspiracy, and thus all

evidence regarding defendant's drug trafficking related to that conspiracy is relevant and more probative than prejudicial. The government indicates that the dealings described by co-defendant Baldenegro-Valdez took place during the alleged conspiracy timeframe, making them relevant. Further the government indicates there is no unfair prejudice outweighing the probative value of the evidence of prior drug deals.

**Ruling: Overruled, as defendant is charged with conspiracy.**

**II.     Defendant's Motion in Limine re Confidential Informant buying methamphetamine in the past from "Felipe" (Doc. No. 38)**

Defendant moves for an order prohibiting the government from mentioning or introducing through testimony or evidence information that the confidential informant allegedly bought methamphetamine in the past from "Felipe." Defendant indicates that such evidence would be irrelevant and immaterial in that defendant is not charged with any offenses involving the distribution of methamphetamine other than the instant offenses which occurred on or about March 21, 2010 (FRE 401 and 402). Defendant further indicates that any probative value of this evidence is substantially outweighed by the danger of unfair prejudice in that defendant is not charged with offenses involving prior distribution of methamphetamine to the CI (FRE 403).

The government responds that defendant is charged with conspiracy, and thus all evidence regarding defendant's drug trafficking related to that conspiracy is relevant and more probative than prejudicial. The government indicates the CI's testimony regarding Felipe is relevant and probative because it establishes how the CI knew he could contact this individual, provides context to the investigation, and establishes that Camarena is the same person the CI was contacting. See United States v. Ruiz-Chavez, 612 F.3d 983, at 988(8th Cir. 2010) (finding that Rule 404(b) did not prevent admission of wrongful conduct that is intrinsic to the charged offense). The government further indicates that all relevant evidence is inherently prejudicial; instead, the question should be whether unfair prejudice

2

outweighs the probative value of the evidence.

**Ruling: <u>Overruled, as conspiracy is charged.</u>**

    **IT IS SO ORDERED.**

                                                    <u>/s/Fernando J. Gaitan, Jr.</u>
                                                    Chief United States District Judge

Dated: <u>  12/29/10  </u>
Kansas City, Missouri