# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.10-00094-02-CR-W-DGK |
| | ) | |
| GILBERTO BALDENEGRO-VALDEZ, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON MOTIONS *IN LIMINE*

Pending before the Court are the parties various motions *in limine*: Defendant Gilberto Baldenegro-Valdez' Motion *In Limine* to Exclude Use of Recording Transcripts at Trial (doc. 67), Motion *In Limine* to Exclude Evidence of Immigration Status (doc. 68), and Motion *In Limine* to Exclude Evidence of Drugs Found in Hidden Compartment in Car Driven by Defendant (doc. 70), and the Government's Motion *In Limine* to Exclude Evidence and Arguments Related to Search and Seizure Issues Already Litigated Before District Court (doc. 87).

After reviewing the parties' arguments the Court rules as follows.

**1.     The motion to exclude the Government's English-language transcripts is DENIED.**

The Government intends to use in its case-in-chief English-language transcripts of six recordings that are primarily in Spanish. Defendant argues that the transcripts are unintelligible, that it is very difficult to determine how many people are participating in the conversations, and that the recordings are of poor quality. In his written motion Defendant requests that the Government be precluded from using the transcripts. In subsequent conversation with the Government, Defendant indicated he would accept the following remedies: (1) exclusion of the

transcripts themselves into evidence such that those transcripts would not be available to the jury for its use in deliberations; and (2) redaction of the speaker identification on the transcript. Defendant cites no caselaw in support of his position.

After proper authentication English transcripts of recorded Spanish-language conversations are substantive evidence that may be admitted for the jury to use during its deliberations. *United States v. Chavez-Alvarez*, 594 F.3d 1062, 1068-69 (8th Cir. 2010); *United States v. Gutierrez*, 367 F.3d 733, 735-36 (8th Cir. 2004). Where there are disputes concerning an English transcript, the court should encourage the parties to produce an official or stipulated transcript which satisfies all parties. *United States v. Gonzalez*, 365 F.3d 656, 660 (8th Cir. 2004). If they are unable to reach such an agreement, "then each side should produce its own version of a transcript or its own version of the disputed portion. In addition, each side may put on evidence supporting the accuracy of its version or challenging the accuracy of the other side's version." *Id*.

In this case, given that the Government has indicated that it will put on testimony that will authenticate both the content of the translations and the identity of the speakers, the Court sees no basis on which it can exclude the transcripts or the speaker identifications, thus this portion of the motion is DENIED. Whether these transcripts will be made available to the jury during its deliberations, however, is TAKEN UNDER ADVISEMENT. The exact wording of the instruction that will be given to the jury regarding the transcripts will also be determined later.

**2. The motion to exclude evidence of immigration status is GRANTED.**

Defendant is a Mexican citizen who is illegally present in the United States. Defendant moves that the Government and its witnesses be precluded from presenting evidence or

testimony concerning his immigration status because it is not relevant to his guilt or innocence, and even if it were, its prejudicial impact would substantially outweigh its probative value.

The Government responds that it does not intend to raise the issue at trial, but that should Defendant introduce the subject, it should be able to respond appropriately. Although the Government does not believe the recorded conversations directly state Defendant's immigration status, the Government contends they are admissible as coconspirator statements under FRE 801(d)(2)(E).

The motion is GRANTED. The Government and its witnesses shall not introduce any evidence about Defendant's immigration status without first approaching the Court out of the jury's hearing.

**3.     The motion to exclude drug evidence found in the hidden compartment is DENIED.**

Under Eighth Circuit law, when drugs are found in a hidden compartment and the Government is attempting to impute control to a defendant, an important consideration is the obviousness of the compartment. *United States v. Aponte*, 619 F.3d 799 (8th Cir. 2010). Defendant argues that because the 13.4 grams of methamphetamine found in the hidden compartment behind the car's glove box was not obvious to general members of the public—the Drug Task Force members who were actively looking for such a compartment had difficulty finding it—then Defendant's knowledge of the methamphetamine's existence, it cannot be probative of his guilt. Defendant contends that because he was driving the vehicle in which the methamphetamine was found, allowing testimony or evidence about the 13.4 grams to be used against him would be grossly prejudicial and outweigh any probative value this evidence might have.

This is not a case like *Aponte*, where the only connection between the drugs, which were well hidden in the car that the defendants had borrowed, and the defendants, was that they were both found in the car. In the present case there are allegations that the Defendant had previously participated in two controlled buys, one of which occurred immediately before the Defendant was stopped and arrested; that the Defendant's voice can be heard on recorded conversations discussing drug activity; and that the Defendant confessed after he was arrested. These are all circumstances which tend to establish that the Defendant knowingly possessed the drugs the 13.4 grams of methamphetamine found in the hidden compartment. Consequently, the motion is DENIED.

**4. The motion to preclude Defendant from relitigating suppression issues already ruled on by the district court is GRANTED.**

The Government requests that the Defendant be precluded from relitigating suppression issues regarding the legal basis and justification for his stop, arrest, and the search of the Taurus. The Government contends that these are pure issues of law on which the Court has already ruled, and that allowing argument at trial on this point would "invite the jury to invade the province of the court and nullify a legal decision already made by the court." The Government also contends that evidence on these matters is irrelevant and more prejudicial than probative.

The Court acknowledges that its ruling on the motion to suppress is interlocutory and subject to change before final judgment. That said, the ruling is unchanged.

The motion is GRANTED. The Court's ruling on the suppression issue is final. No additional argument on this subject will be permitted. Defendant is precluded from eliciting testimony, admitting evidence, or making argument that the stops, arrests, and searches were illegal, unjustified, pretextual or otherwise improper. Any argument, evidence, or testimony that

law enforcement officials did not have a good-faith basis to conduct the stop, arrest, and search are excluded.

**IT IS SO ORDERED.**

Date: March 11, 2011                                /s/ Greg Kays
                                                    GREG KAYS, JUDGE
                                                    UNITED STATES DISTRICT COURT