# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.10-00094-02-CR-W-DGK |
| FELIPE CAMARENA, | ) ) ) | |
| Defendant. | ) | |

## ORDER DENYING MOTION FOR AQUITTAL/NEW TRIAL

Pending before the Court is Defendant Felipe Camarena's Motion for New Trial (doc. 116) brought pursuant to Federal Rule of Criminal Procedure 33. For the following reasons the motion is DENIED.

**Standard**

Rule 33(a) permits the Court to "vacate any judgment and grant a new trial if the interest of justice so requires." Under the rule, the "district court has broad, but limited, discretion to grant or deny a motion for a new trial based on the sufficiency of the evidence, and 'it can weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict.'" *United States v. Aguilera*, 625 F.3d 482, 486 (8th Cir. 2010) (quoting *United States v. Campos*, 306 F.3d 577, 579 (8th Cir. 2002). Motions for new trials based on the sufficiency of the evidence "are generally disfavored," and "unless the district court ultimately determines that a miscarriage of justice will occur, the jury's verdict must be allowed to stand." *Aguilera*, 625 F.3d at 487.

**Discussion**

Defendant argues the Court erred in five different areas. The Court considers each in turn.

**1.    There was no error in denying Defendant's two motions in limine.**

Defendant argues the Court erred in denying his two motions in limine. The first motion would have prohibited the Government from introducing the co-defendant's statement that he accompanied the Defendant on five or six methamphetamine transactions. The second motion would have prohibited the government from introducing evidence that the confidential informant purchased methamphetamine in the past from someone named "Felipe."

In its ruling denying the first motion the Court[1] held that because the Indictment alleged a conspiracy to distribute methamphetamine, evidence regarding Defendant's drug trafficking activity during the time-frame of the conspiracy was relevant and more probative than prejudicial, and that there was no unfair prejudice outweighing the probative value of the evidence. Similarly in its ruling denying the second motion the Court ruled that the evidence was relevant and more probative than prejudicial because the Defendant was charged with conspiracy, and the confidential informant's testimony concerning "Felipe" established how the informant knew he could contact this the Defendant, provided context to the investigation, and established that Defendant was the same person the CI was contacting. The evidence presented at trial confirms that these pretrial rulings were correct and that there was no error here.

---

[1] The Honorable Fernando J. Gaitan, Jr., Chief Judge of the Western District of Missouri, who ruled on many of the pretrial motions before the case was transferred to this Judge for trial.

**2.     The Court did not err in denying Defendant's request for severance.**

Next, Defendant argues that the Court erred in failing to sever the Defendant's trial from that of his co-defendant, contending he was prejudiced by the admission of his co-defendant's unredacted statement that he conspired with "another person," who is identified in the actual statement as "Plebe," to distribute methamphetamine. Defendant argues that since there were only two persons charged in the conspiracy, it was clear to the jury that the co-defendant was implicating the Defendant.

The ultimate issue here is whether the co-defendant's statement facially inculpated the Defendant or led the jury directly to the Defendant as the other conspirator. Although this case presents a somewhat closer question than many cases, the fact that "Plebe" was replaced with "another person" and the Court also gave a limiting instruction to the jury indicating that the co-defendant's statement could not be used against the Defendant, ensured that the Defendant's right to confrontation was not violated. Accordingly, there was no error in denying the motion for severance.

**3.     The Court did not err in striking Juror #1 for cause.**

Defendant contends the Court erred in striking Juror #1 for cause on the grounds that she had difficulty reading and writing. Defendant contends this juror was capable of reading and comprehending at a level necessary to act as a juror in this case, and that she should not have been stricken for cause.

The district court has "substantial discretion" in conducting voir dire. *United States v. Wright*, 340 F.3d 724, 733 (8th Cir. 2003). This is because the trial court "is in the best position to assess the demeanor and credibility of the prospective jurors." *United States v. Elliot*, 89 F.3d 1360, 1365 (8th Cir. 1996). The district court presumes "a prospective juror is impartial, and a

party seeking to strike a venire member for cause must show that the prospective juror is unable to lay aside his impressions or opinions and render a verdict based on the evidence presented in court. *United States v. Dale*, 614 F.3d 942, 959 (8th Cir. 2010). "Essentially, to fail this standard, a juror must profess his inability to be impartial and resist any attempt to rehabilitate his position." *Moran v. Clarke*, 443 F.3d 646, 650-51 (8th Cir. 2006).

There was no error in striking Juror #1 for cause because she indicated she read at the third grade level, and while she did not have difficulty reading the simple words on the back of the juror card, serving as a juror in this particular case required having the ability to read numerous pages of transcribed audio conversations which demanded reading skills well beyond a third grade level. The Court emphasizes, however, that it was only the particular facts in this case that required a juror to have more advanced reading skills, and that in a more typical case a juror would not necessarily have to have more advanced reading skills.

**4.       The Court did not err in limiting cross-examination of the confidential informant.**

Defendant also argues the Court erred in limiting the cross-examination of the confidential informant, Franklin Espana, to the statutory range of punishment for the offenses to which he pled guilty and the sentence he hoped to receive in return for his cooperation. Defendant argues he should have been allowed to question him about the quantity or purity of methamphetamine he was arrested with, prior sales, his sources of methamphetamine, where he hid methamphetamine, etc.

"While a witness may be impeached by inquiring into his prior convictions, 'the scope of such examination is strictly limited in order to avoid the confusion resulting from the trial of collateral issues, and also to avoid unfairness to the witness.'" *United States v. Street*, 548 F.3d 618, 627 (8th Cir. 2008) (quoting *United States v. Roenigk*, 810 F.2d 809, 814 (8th Cir. 1987).

In *Street*, the district court limited the defendant's questioning of a witness to his prior convictions and to demonstrating that the witness was convicted following a jury trial. The Eighth Circuit affirmed, reasoning that "[t]o inquire further and to contest the truthfulness of [the witness's] individual past statements would be to relitigate his prior conviction. That is precisely the sort of confusing, collateral issue warned against by *Roenigk*." *Id.*

In the present case Espana was questioned by both defendants about his prior convictions for conspiring to distribute 50 grams or more of methamphetamine and possession with intent to distribute 50 grams or more of methamphetamine, the dates of this convictions, the statutory range of punishment, the minimum and maximum punishment he faced, the fact that he had a plea agreement with the government, the fact that he hoped to receive a lesser sentence by cooperating with the government, and the fact that he could receive a sentence under the statutory minimum if the government filed a downward departure motion. Consequently, the Defendant was able to fully cross-examine Espana on any potential bias or incentive for his testimony. Allowing Defendant to cross-examine Espana about the purity of the methamphetamine he had been arrested with and the other underlying facts of his previous convictions would have created a mini-trial on irrelevant collateral matter and risked confusing the jury about the issues in this trial. Consequently, the Court did not err in limiting Espana's cross-examination.

**5.     The Court did not err in instructing the jury.**

The Defendant also contends the Court erred in failing to give certain jury instructions. First, Defendant suggests the Court erred by declining to give model Eighth Circuit Jury Instruction No. 2.18, which reads,

> You have heard evidence that the witness (name) was once
> convicted of a crime. You may use that evidence only to help you

> decide whether to believe the witness and how much weight to give [his] [her] testimony.

Instead, the Court gave model instruction 4.05B which incorporates most of the language in model instruction 2.18, thus giving 2.18 was unnecessary.

Similarly, the Court did not err in overruling Defendant's objection to the submission of Instruction 20 to the jury. Instruction 20 read,

> You will note that the Indictment charged that the offense was committed "on or about" a certain date, or that the dates are "approximates." Although it is necessary for the Government to prove beyond a reasonable doubt that the offense was committed on dates reasonably near the dates alleged in the Indictment, it is not necessary for the Government to prove that the offense was committed precisely on the dates charged.

Although this is not a model jury instruction, it is a proper statement of Eighth Circuit law and an appropriate instruction to give. *United States v. Turner*, 189 F.3d 712, 721-22 (8th Cir. 1999).

Finally, the Court did not err in overruling Defendant's objection to the submission of Instruction No. 25, which is model Eighth Circuit Jury Instruction No. 7.05, without modification. Defendant asserts that it should have been modified to include language making clear that the instruction is referring to acts done or statements made in connection with the offense and not the failure of the defendant to testify in court. But "[a] defendant is not entitled to a particularly worded instruction where the instructions given adequately and correctly cover the substance of the requested instruction." *United States v. Hoffman*, 556 F.3d 871, 874-75 (8th Cir. 2009). Here Instruction 25 accurately reflected the law, particularly when considered in conjunction with Instruction No. 26, which instructed the jury that the defendant did not have the burden to prove his innocence and that his failure to testify could not be considered in any way. Accordingly there was no error here.

## Conclusion

For the foregoing reasons, Defendant Felipe Camarena's Motion for New Trial (doc. 116) is DENIED.

**IT IS SO ORDERED.**

Date:  June 1, 2011                                  /s/ Greg Kays
                                                     GREG KAYS, JUDGE
                                                     UNITED STATES DISTRICT COURT